ON MOTION FOR REHEARING

PER CURIAM.
The petitioners in these two consolidated cases sought from this court a writ of certiorari quashing the decision of the circuit court, appellate division, which quashed a rezoning of a parcel of property in the City of North Miami Beach. We denied the petition for the writ. The petitioners have now moved for rehearing, which motions we deny, although we do set out below our reasoning for our denials.
On May 26, 2004, TCY Limited, Inc. (predecessor to Marina Grande North Miami Beach LLC) requested a rezoning of (and site plan approval for) the subject property, from the existing B-3 Intensive Business District to PUD Planned Unit Development District. The rezoning and the site plan ultimately received City Council approval. The project approved was proposed to be developed on 6.32 acres of land, adjacent to 8.34 acres of water body, and was to consist of two multi-family, 24-story high-rise condominium towers (and a 90 boat-slip marina). The respondents Fortuna Smukler, et ah, successfully challenged the City’s rezoning and site plan approval in the circuit court appellate division. TCY and the City then unsuccessfully sought certiorari in this court, and followed up with rehearing motions.
The issue revolves around the project density. In arriving at the number of dwelling units that it ultimately approved the City included in its calculations not only the 6.32 acres of land, but also the 8.34 acres of water body. This usage of a water body to calculate the density, thus the number of units permitted, conflicts with Article II, section 24-22, Definitions, of the City’s Land Development Code, which defines “density” as:
“The number of dwelling units permitted, divided by the number of acres within the lot, excluding internal roads and water bodies. Permitted density is always expressed as dwelling units per net acre.” [e.s.]
The circuit court, in its certiorari review, (brought there by Smukler, et al.) recognized the City’s improper use of the water body in calculating the City’s density approval, stating:
“[T]he City Council committed error by failing to exclude the water areas contained within the site plan.”
The circuit court thus applied the correct law. Accordingly the motions for rehearing are denied.